## ASSIGNED ESTATE OF CHILDS ET AL.

APPEAL BY L. C. THOMPSON FROM THE COURT OF COMMON
PLEAS OF MCKEAN COUNTY.

Submitted May 8, 1890—Decided May 19, 1890.

1. A fund for distribution, shown by his account to be in the hands of an assignee for the benefit of creditors, may be distributed by an auditor appointed therefor by the Court of Common Pleas, without the fund having first been paid into court.

2. A claim for wages is not entitled to a preference under the act of April 9, 1872, P. L. 47, and its supplements, when the evidence does not show that the labor was in and about the business in which the assignors were engaged, or in and about the property from the sale of which the fund arose.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 359 January Term 1890, Sup. Ct.; court below, No. 489 February Term 1883, C. P.

On December 14, 1885, the account of Alfred Short, assignee for the benefit of creditors of Childs, Willis & Loomis, was filed, and subsequently it was referred to *Mr. J. W. Bouton*, as auditor to hear and determine exceptions and report distribution.

At the hearing before the auditor, L. C. Thompson presented a claim as to which he testified as follows:

"I worked for Childs, Willis & Loomis up to the time of their failure; they were to pay me $45 per month; I drove team, hauling stone, lumber, etc.; this was manual labor; at the time of the failure they owed me for two months and twelve days labor, which amounted to $108, and they paid me on account of that, one load of coal, which amounted to $6, leaving the amount they still owed me $102. This labor was performed within six months of their failure. They have paid me nothing on account of this, except the load of coal."

The auditor found as facts that Childs, Willis & Loomis made an assignment for the benefit of creditors on February 12, 1883, being then engaged in the business of refining oil at Kendall; that the fund for distribution, to wit, $6,202.30, was derived

Statement of Facts.

from the sale of real estate consisting of 4⅓ acres of land, more or less, in Kendall borough, upon which was erected an oil refinery, operated by the assignors at the time of the assignment; that

" 8. The claim of L. C. Thompson is for labor in driving team by the month, hauling stone, lumber, etc.; but the evidence does not disclose that it was in and about the business in which the assignors were engaged, or in and about the property from the sale of which the fund for distribution arose."

In his conclusions of law, the auditor held that the claimant was not entitled to the protection given to wages under the act of April 9, 1872, P. L. 47, and its supplements, for the reason that the evidence did not show " that the labor performed was such as, in the course of a regular and permanent employment, contributed directly or indirectly to the particular, permanent and continuous use of ' works, mines, manufactory, and other business,' " and reported a distribution accordingly.

To this report the claimant filed exceptions alleging that the auditor erred:

1. In finding that the evidence does not show that L. C. Thompson was a mechanic or laborer, and was entitled to have his wages paid out of the fund for distribution, under the act of April 9, 1872.

2. In finding that the employment of said L. C. Thompson was not such as is protected by the said act of April 9, 1872.

3. In finding that the claim of said L. C. Thompson was not entitled to payment in full, out of the fund for distribution.

4. The report of said auditor is illegal and void, and this court has no power to confirm the same, as there are no funds in court for distribution and the court has no jurisdiction over the subject matter of the audit.

—The exceptions having been argued, the court, on November 25, 1889, filed an opinion and decree dismissing them and confirming the distribution reported by the auditor. Thereupon, the claimant took this appeal, specifying that the court erred in dismissing his several exceptions and in confirming the auditor's report.

*Mr. M. F. Elliott, Mr. D. H. Jack* and *Mr. G. L. Roberts*, for the appellant.

Opinion of the Court.

In the brief filed, counsel cited: (1) Act of April 9, 1872, P. L. 47; Llewellyn's App., 103 Pa. 458; Pardee's App., 100 Pa. 408; White's App., 15 W. N. 313. (2) Act of June 10, 1881, P. L. 102; § 28, act of June 14, 1836, P. L. 635; Williams's App., 101 Pa. 474.

*Mr. W. B. Chapman* and *Mr. J. B. Chapman,* for the appellee.

In the brief filed, counsel cited: Gibbs's App., 100 Pa. 528.

PER CURIAM:

This case was submitted without argument. As we view it, there is nothing in it upon which an argument could have been constructed. The contention that the report of the auditor is illegal and void because the fund was not in court, and that therefore the court had no jurisdiction to make distribution, has the merit of novelty, but nothing else. The fund for distribution was in the hands of an assignee for creditors; he had filed his account, and the learned court below appointed an auditor to make distribution of the balance in his hands. In such case, the money is never paid into court, but is distributed as in the case of funds in the hands of an executor, administrator, or other trustee.

The learned auditor was entirely justified by the evidence in finding that the appellant was not a mechanic or laborer entitled to have his wages paid out of the fund for distribution, under the act of April 9, 1872.

It is seldom we have a case before us so utterly void of merit as this.

> Decree affirmed, and the appeal dismissed, at the costs of the appellant.